UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
Case No.:

TAHYSHA MAGNOLIA ATKINS,           )
                                   )
           *Plaintiff,*            )
                                   )
v.                                 )
                                   )
SEASONS BELLEAIR, LLC d/b/a        )
SEASONS BELLEAIR MEMORY CARE,      )
                                   )
           *Defendant*.            )
                                   )

## COMPLAINT

Plaintiff, Tahysha Magnolia Atkins ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant Seasons Belleair, LLC d/b/a Seasons Belleair Memory Care ("Seasons Belleair" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

This is a civil action for damages, declaratory relief, injunctive relief, and all other appropriate remedies arising from Defendant's unlawful employment practices in violation of federal and Florida law. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; 42 U.S.C. § 1981; the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01 et seq.; and the Florida Private Sector Whistleblower Act ("FWA"), Fla. Stat. §§ 448.101 to 448.105.

Plaintiff seeks redress for Defendant's discriminatory and retaliatory conduct, including disparate treatment, and unlawful termination based on Plaintiff's race and color as a darker complexioned Black, African American woman, as well as retaliation for engaging in protected activity when she repeatedly reported the theft and diversion of residents'

1
THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

prescription medications, including narcotics, and complained of racially disparate treatment and harassment by a subordinate whom management protected.

Defendant's actions, including ignoring Plaintiff's reports of medication theft, tolerating and enabling the harassment of Plaintiff, crediting and excusing the misconduct of non-Black employees while punishing Plaintiff, suspending Plaintiff without written notice, and wrongfully terminating her under the pretext that she did not "pass probation," constitute unlawful discrimination and retaliation under federal and state law.

Plaintiff seeks all relief available under federal and state law, including back pay, front pay or reinstatement, compensatory damages, emotional distress damages, punitive damages, declaratory and injunctive relief, restoration of lost benefits, prejudgment interest, attorneys' fees, costs, and such other relief as this Court deems just and proper.

## PARTIES

1.    At all times material, Plaintiff, Tahysha Magnolia Atkins, is a darker complexioned Black, African American woman and therefore a member of protected groups based on the color of her skin and race.

2.    At all times material, Plaintiff is an adult resident of St. Petersburg, Pinellas County, Florida.

3.    At all times material, Plaintiff was employed by Defendant as a Resident Care Director at Seasons Belleair Memory Care from on or about September 23, 2024, until her wrongful termination on or about December 19, 2024.

4.    At all times material, Plaintiff was a "person," "aggrieved person," and "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e(f); 42 U.S.C. § 1981; the Florida Civil Rights Act, Fla. Stat. § 760.02; and the Florida Private Sector Whistleblower Act, Fla. Stat. § 448.101(2).

5.      At all times material, Plaintiff was a member of statutorily protected classes based on race and color as a Black, African American woman, and she engaged in protected activity under Title VII, 42 U.S.C. § 1981, the FCRA, and the Florida Private Sector Whistleblower Act.

6.      Defendant Seasons Belleair, LLC is a Florida limited liability company that operates an assisted living and memory care facility known as Seasons Belleair Memory Care, located at 1145 Ponce De Leon Blvd, Belleair, Florida 33756, and maintains a business address at 111 Second Avenue NE, Suite 702, Saint Petersburg, Florida 33701. Defendant conducts business under the trade name "Seasons Belleair Memory Care" and was Plaintiff's employer.

7.      At all times material, Defendant was a "person" and an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b); 42 U.S.C. § 1981; the Florida Civil Rights Act, Fla. Stat. § 760.02; and the Florida Private Sector Whistleblower Act, Fla. Stat. § 448.101(2), and had the authority to hire, fire, discipline, and direct the work of Plaintiff and to affect her compensation, benefits, and terms and conditions of employment.

8.      At all times pertinent hereto, Defendant was engaged in an industry affecting commerce and employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

**JURISDICTION AND VENUE**

9.      This Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343(3)-(4), as this action arises under the laws of the

United States prohibiting discrimination and retaliation in employment, including Title VII and 42 U.S.C. § 1981.

10.     This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a), because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims arise from the same nucleus of operative facts as her federal claims, involve the same parties, and resolving both sets of claims in one action promotes judicial economy, efficiency, and fairness.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to the claims occurred in whole or in part in Pinellas County, Florida, where Defendant conducts business, resides for venue purposes, and maintained Plaintiff's employment records.

## CONDITIONS PRECEDENT

12.     Plaintiff has complied with all conditions precedent in filing this action, to wit:

a)      Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, which was assigned Charge No. 511-2025-03251;

b)      The charge was dual filed with the Florida Commission on Human Relations ("FCHR") under Fla. Stat. § 760.10;

c)      On or about May 5, 2026, the EEOC issued a Notice of Right to Sue, authorizing Plaintiff to commence a civil action in federal court; and

d)    This Complaint is timely filed within ninety (90) days of Plaintiff's receipt of that Notice.

13.    Any other applicable conditions precedent to bringing this action have occurred, been performed, or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

14.    Plaintiff Tahysha Magnolia Atkins is a darker complexioned, Black, African American woman who was employed by Defendant as a Resident Care Director at Seasons Belleair Memory Care, a licensed assisted living and memory care facility.

15.    Plaintiff began her employment with Defendant on or about September 23, 2024, and remained employed until her wrongful termination on or about December 19, 2024.

16.    As Resident Care Director, Plaintiff's responsibilities included supervising staff, managing medication carts and physician orders, ensuring compliance with facility protocols, and overseeing the care of residents with cognitive impairments.

17.    Throughout her employment, Plaintiff performed her job duties satisfactorily or more than satisfactorily and never received any disciplinary action, corrective action, performance warning, or negative performance evaluation.

18.    On or about November 8, 2024, during a routine audit of the resident medication carts, Plaintiff discovered that more than sixty (60) medications were missing, including narcotics. Plaintiff reasonably believed the missing medications reflected the theft and/or unlawful diversion of residents' prescription medications.

19.    Plaintiff promptly reported this serious breach to Defendant's management, including the Director of Nursing, Wendy ("DON Wendy") (a White female), and the

Executive Director, Christina Savoia ("Director Savoia") (a White female). Plaintiff was joined in raising this concern by other nurses, including DON Wendy and Verla (a White female).

20.    Plaintiff reasonably believed, and reported, that the theft and diversion of residents' medications was attributable to two employees, Jessie (a White female) and Ciera (a mixed-race, lighter-complexioned female). Despite Plaintiff's reports and complaints of medication diversion, Jessie and Ciera were permitted to continue medication-cart responsibilities.

21.    Rather than investigating the misconduct Plaintiff reported, Defendant's management failed to take appropriate corrective action. Following Plaintiff's reports concerning the theft and diversion of residents' medications, Plaintiff was subjected to increased scrutiny and unprofessional, discriminatory and retaliatory treatment in the workplace.

22.    Management engaged in repeated unprofessional and disparate conduct toward Plaintiff, including aggressively questioning Plaintiff about her work, micromanaging her, undermining her authority in front of staff, speaking disparagingly about Plaintiff to other employees, yelling at Plaintiff, and directing other staff members to relay instructions to Plaintiff rather than communicating with Plaintiff directly.

23.    Plaintiff noticed that management did not treat non-Black employees in the same unprofessional and disparate manner. Specifically, Plaintiff never witnessed management aggressively question, undermine or yell at her non-Black co-workers.

24.    During or around November 2024, Plaintiff complained to Defendant's management regarding this conduct, but nothing was done.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

25.    Plaintiff further observed that when non-Black or lighter-complexioned employees complained about treatment they believed was unfair, Defendant investigated and addressed their concerns. For example, when a White female employee complained that aides were leaving residents in dining areas without proper supervision or assistance, Director Savoia investigated the complaint and took corrective action to address the aides' conduct

26.    On or about November 29, 2024, Plaintiff again reported the ongoing workplace treatment and also her concerns regarding management's failure to address the medication diversion to Director Savoia. Rather than investigate or intervene, Director Savoia acknowledged that the treatment that Plaintiff was enduring but failed to take any corrective action.

27.    Between on or about December 2 and December 5, 2024, Plaintiff discovered a second and even more serious incident involving the unlawful diversion of residents' medications. Plaintiff observed medication being diverted and provided to another staff member. Plaintiff immediately reported the incident to Director Savoia by telephone and text message.

28.    Director Savoia failed to report the misconduct.

29.    On or about December 5, 2024, shortly after Plaintiff's reports concerning the second medication diversion incident and her complaints regarding Defendant's failure to address both the misconduct and the treatment she was experiencing, Defendant immediately suspended Plaintiff and removed her from the work schedule. Plaintiff was not provided any written notice of her suspension.

30.    Despite being suspended, staff continued to contact Plaintiff regarding work-related matters.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

31.     In the days that followed, Director Savoia repeatedly delayed and cancelled promised meetings to address Plaintiff's return to work, referenced Plaintiff's probationary status in a manner that threatened her job security, and suggested that Plaintiff would have to sit down with her harasser(s).

32.     On or about December 19, 2024, Defendant terminated Plaintiff's employment. The stated reason for the termination was that the position "was not the right fit during the probationary period," and that Plaintiff had not "passed probation."

33.     Defendant's stated reason for Plaintiff's termination is pretextual. Plaintiff had received no prior performance warnings, counseling, or disciplinary actions throughout her employment.

34.     Despite Plaintiff's reports of nurses engaging in the theft and diversion of residents' medications, Defendant failed to discipline or terminate these employees. Instead, these employees were allowed to continue with their duties without issue. By contrast, Plaintiff (the employee who reported the misconduct) was suspended and later terminated despite having no disciplinary history.

35.     After Plaintiff's termination, Plaintiff learned that other Black, African American employees, who had likewise complained about workplace issues, were also later terminated by Defendant.

36.     During her employment, Plaintiff observed that when non-Black employees raised workplace complaints, Defendant's management acknowledged their concerns, investigated their complaints, and took corrective action when warranted. By contrast, when Plaintiff and other darker-complexioned African American employees complained about medication diversion, harassment, and disparate treatment, Defendant ignored or dismissed

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

their concerns. Consistent with Defendant's treatment of other African American employees who raised concerns, Plaintiff was ultimately singled out for discipline and terminated after making her complaints

37.     As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered substantial damages, including lost wages, loss of benefits, emotional distress, anxiety, humiliation, sleep disruption, harm to her professional reputation and nursing career, and significant economic losses, including as a single mother supporting three children.

38.     Plaintiff has retained undersigned counsel and is obligated to pay a reasonable attorney's fee and costs incurred in connection with this matter.

### COUNT I: RACE AND COLOR DISCRIMINATION
### (Disparate Treatment) - TITLE VII

39.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 38 above as if set out in full herein.

40.     Plaintiff is a darker complexioned Black, African American woman and, as such, is a member of a class protected under Title VII from discrimination on the basis of race and color.

41.     Plaintiff was qualified for her position as Resident Care Director. Throughout her tenure she performed her duties satisfactorily or more than satisfactorily without receiving any disciplinary action, corrective action, or negative performance evaluation.

42.     Defendant subjected Plaintiff to adverse employment actions because of her race and color, including suspending her on or about December 5, 2024, and terminating her employment on or about December 19, 2024.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

43.     Similarly situated employees who are not Black were not subjected to comparable adverse treatment. Specifically, the employees whom Plaintiff reported for the theft and diversion of residents' medications, Jessie and Ciera, who are not Black or dark complexioned, were not disciplined or terminated, while Plaintiff, who reported the misconduct, was suspended and later terminated.

44.     Plaintiff's race and color as a Black, African American woman were motivating factors in Defendant's decision to suspend and terminate her employment.

45.     Any legitimate, nondiscriminatory reason proffered by Defendant for Plaintiff's suspension and termination is pretextual. The stated reason, that Plaintiff did not "pass probation," is not credible, was not applied to similarly situated non-Black employees, and was manufactured to conceal racially discriminatory animus, particularly given that Plaintiff had received no prior performance warnings or disciplinary actions.

46.     Plaintiff sustained emotional suffering, mental anguish, humiliation, and economic injury attributable to Defendant's discriminatory conduct.

47.     Defendant acted with malice and with reckless indifference to Plaintiff's federally protected civil rights and emotional and physical well-being.

48.     Defendant's discriminatory intent is further demonstrated by its decision to retain the non-Black employees whom Plaintiff identified as participating in or benefitting from the medication-diversion misconduct, while simultaneously suspending and terminating Plaintiff, the employee who reported the misconduct, even though Plaintiff had no prior disciplinary history and had satisfactorily performed her job

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a. Issue an order enjoining Defendant to cease and desist from the conduct described in Count I of this Complaint and from discriminating against Plaintiff in any manner whatsoever.

b. Issue an order requiring Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count I of this Complaint, and from all other forms of discrimination in the future.

c. Issue an order requiring Defendant to adopt and disseminate a policy protecting employees from discrimination in the workplace and establishing reasonable and adequate procedures for investigating complaints of race discrimination and taking suitable remedial action.

d. Order reinstatement of Plaintiff to the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to race discrimination, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e. Award Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if Plaintiff's employment had not been terminated.

f. Award Plaintiff compensatory damages for her emotional suffering.

g. Award Plaintiff punitive damages.

h. Award Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i. Award Plaintiff costs, interest, and such other relief as this Court may deem proper.

### COUNT II: RACE AND COLOR DISCRIMINATION
### (Retaliation) - TITLE VII

49.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 38 above as if set out in full herein.

50.    Plaintiff engaged in protected activity under Title VII when she opposed and complained of racially disparate treatment and harassment, including complaining to

management that she was being harassed and undermined while non-Black employees who engaged in misconduct were not disciplined.

51.     Following Plaintiff's protected activity, Defendant subjected Plaintiff to materially adverse employment actions, including suspending her on or about December 5, 2024, and terminating her employment on or about December 19, 2024.

52.     Defendant's retaliatory motive is further evidenced by the close temporal relationship between Plaintiff's complaints and Defendant's decision to suspend her immediately after her protected activity, followed by her termination only days later under the pretext that she had failed probation despite never receiving any prior discipline or performance counseling.

53.     The causal connection between Plaintiff's protected activity and her termination is further confirmed by the fact that Plaintiff had no prior discipline or performance issues and that Defendant's stated reason for her termination was pretextual.

54.     Plaintiff sustained emotional suffering, mental anguish, humiliation, and economic injury attributable to Defendant's retaliatory conduct.

55.     Defendant acted with malice and with reckless indifference to Plaintiff's federally protected rights and emotional and physical well-being.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a.  Issue an order enjoining Defendant to cease and desist from the conduct described in Count II of this Complaint and from retaliating against Plaintiff in any manner whatsoever.

b.  Issue an order requiring Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count II of this Complaint, and from all other forms of retaliation in the future.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

c.  Issue an order requiring Defendant to adopt and disseminate a policy protecting employees from retaliation in the workplace and establishing reasonable and adequate procedures for investigating complaints of retaliation and taking suitable remedial action.

d.  Order reinstatement of Plaintiff to the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to retaliation, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e.  Award Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if Plaintiff's employment had not been terminated.

f.  Award Plaintiff compensatory damages for her emotional suffering.

g.  Award Plaintiff punitive damages.

h.  Award Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i.  Award Plaintiff costs, interest, and such other relief as this Court may deem proper.

### COUNT III: RACE AND COLOR DISCRIMINATION
### (Disparate Treatment) - 42 U.S.C.A. § 1981

56.  Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 38 of this Complaint.

57.  Plaintiff is a member of a protected class of darker complexioned, Black African American citizens.

58.  At all times relevant, Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

59.  During the course of Plaintiff's employment with Defendant, Defendant violated Plaintiff's rights by depriving her of the enjoyment of all benefits, privileges, terms, and conditions of her employment contract as are enjoyed by non-Black employees, in violation of 42 U.S.C.A. § 1981(b), as amended.

13

60.     During the course of Plaintiff's employment with Defendant, Plaintiff did not enjoy the same benefits, privileges, terms, and conditions of employment as have non-Black employees of Defendant.

61.     Defendant's treatment, practices, and policies directed toward Plaintiff, as more fully described in paragraphs 14 through 38 of this Complaint, denied Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as are enjoyed by non-Black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

62.     Defendant's treatment, practices, and policies directed toward Plaintiff, as more fully described in paragraphs 14 through 38, denied Plaintiff the right to make and enforce contracts as enjoyed by non-Black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

63.     Through their actions and treatment of Plaintiff, Defendant intended to discriminate against Plaintiff on the basis of Plaintiff's race and ancestry.

64.     During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to a discriminatory, hostile, and offensive work environment because of her race, as more fully described in paragraphs 14 through 38 of this Complaint.

65.     Defendant, at all times, had knowledge of the discriminatory acts and conduct described in paragraphs 14 through 38 above.

66.     Despite Defendant's knowledge of the ongoing discrimination, it failed to take remedial action.

67.     Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to Plaintiff's rights and emotional and physical well-being.

68.    As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

69.    Plaintiff has suffered damages of an ongoing and continuous nature.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Enter judgment in Plaintiff's favor and against Defendant for its violations of 42 U.S.C.A. § 1981, as amended;

b.  Award Plaintiff actual damages suffered;

c.  Award Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered;

d.  Award Plaintiff prejudgment interest on her damages award;

e.  Award Plaintiff punitive damages;

f.  Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with it, from discriminating against Plaintiff and any employee;

g.  Award Plaintiff reasonable costs and attorneys' fees; and

h.  Grant Plaintiff such other and further relief as this Court deems equitable and just.

### COUNT IV: RACE AND COLOR DISCRIMINATION
### (Retaliation) - 42 U.S.C.A. § 1981

70.    Plaintiff adopts and incorporates by reference the allegations in paragraphs 1 through 38 of this Complaint.

71.    Plaintiff is a member of a protected class of Black citizens.

72.    At all times relevant, Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

73.     Plaintiff engaged in protected activity when she opposed and complained of racially disparate treatment and harassment during the course of her employment with Defendant.

74.     During the course of Plaintiff's employment with Defendant, Defendant violated Plaintiff's rights by depriving her of the enjoyment of all benefits, privileges, terms, and conditions of her employment contract as are enjoyed by non-Black employees, in violation of 42 U.S.C.A. § 1981(b), as amended.

75.     Following Plaintiff's protected activity, Defendant subjected Plaintiff to materially adverse employment actions, including suspending her on or about December 5, 2024, and terminating her employment on or about December 19, 2024.

76.     Through their actions and treatment of Plaintiff, Defendant intended to discriminate and retaliate against Plaintiff on the basis of Plaintiff's race and ancestry and because she complained of race discrimination.

77.     Despite Defendant's knowledge of the ongoing discrimination, it failed to take remedial action.

78.     Plaintiff complained about race discrimination, and in response, Defendant terminated Plaintiff's employment.

79.     Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to Plaintiff's rights and emotional and physical well-being.

80.     As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

81.     Plaintiff has suffered damages of an ongoing and continuous nature.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Enter judgment in Plaintiff's favor and against Defendant for its violations of 42 U.S.C.A. § 1981, as amended;

b.  Award Plaintiff actual damages suffered;

c.  Award Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered;

d.  Award Plaintiff prejudgment interest on her damages award;

e.  Award Plaintiff punitive damages;

f.  Enjoin Defendant, its officers, agents, employees, and anyone acting in concert with it, from retaliating against Plaintiff and any employee;

g.  Award Plaintiff reasonable costs and attorneys' fees; and

h.  Grant Plaintiff such other and further relief as this Court deems equitable and just.

### COUNT V: RACE AND COLOR DISCRIMINATION
### (Disparate Treatment) – FCRA

82.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 38 above as if set out in full herein.

83.  At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 et seq., which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

84.  Plaintiff is a member of the protected class of Black citizens.

85. During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to discriminatory and hostile treatment because of her race and color, as more fully described in paragraphs 14 through 38 of this Complaint.

86. During the course of Plaintiff's employment, Defendant subjected Plaintiff to disparate treatment and adverse employment actions because of her race and color, as described in paragraphs 14 through 38.

87. Plaintiff was subjected to the conduct referred to in this Complaint because of her race and color.

88. Similarly situated employees who are not darker complexioned, or Black were not subjected to the conduct described and referred to in paragraphs 14 through 38 of this Complaint.

89. Plaintiff was and is qualified for her position while working for Defendant.

90. Defendant violated the Florida Civil Rights Act by discriminating against Plaintiff because of her race and color in the terms, conditions, and privileges of her employment.

91. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

92. Defendant treated Plaintiff differently than similarly situated non-Black employees by ignoring Plaintiff's complaints, retaining the employees implicated in Plaintiff's reports, and terminating Plaintiff despite her satisfactory performance and lack of disciplinary history.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

93.    Any alleged nondiscriminatory reason for this treatment of Plaintiff by Defendant is a mere pretext for the actual reason for discriminating against her based on her race and color.

94.    Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights pursuant to Fla. Stat. § 760.10.

95.    The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

WHEREFORE, Plaintiff requests that this Honorable Court:

a.    Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.    Award Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation;

c.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

d.    Order Defendant to make Plaintiff whole by compensating her for lost wages and benefits, including front pay and back pay with prejudgment interest;

e.    Award a monetary judgment representing prejudgment interest;

f.    Award any other compensation allowed by law including attorneys' fees pursuant to Fla. Stat. § 760.11;

g.    Award Plaintiff costs of this action, including reasonable attorneys' fees; and

h.    Grant such other and further relief as the Court deems just and proper.

## COUNT VI: RACE AND COLOR DISCRIMINATION
### (Retaliation) – FCRA

96.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 38 above as if set out in full herein.

97.    At all times material, Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

98.    At all times material hereto, Defendant failed to comply with Fla. Stat. § 760.10(7), which provides that it is an unlawful employment practice for an employer to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under that section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under that section.

99.    Plaintiff is a member of the protected class of Black citizens.

100.    Plaintiff's complaints about discrimination constitute engagement in a protected activity.

101.    The discriminatory conduct referred to in paragraphs 14 through 38 of this Complaint is and was offensive to Plaintiff and would be offensive to a reasonable person.

102.    Plaintiff was subjected to the conduct referred to in this Complaint because she complained about discrimination. Specifically, Plaintiff complained to management that she was being harassed, undermined, and treated differently than non-Black employees, and in response, Defendant subjected her to heightened scrutiny, suspended her, and terminated her employment.

103.    Plaintiff was and is qualified for her position while working for Defendant.

104.    Defendant violated the Florida Civil Rights Act by retaliating against Plaintiff because of her complaints about discrimination.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

105.    Defendant's stated explanation that Plaintiff failed probation is implausible and pretextual because Plaintiff had received no counseling, discipline, or performance deficiencies before engaging in protected activity.

106.    As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

107.    Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights pursuant to Fla. Stat. § 760.10.

108.    The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.    Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.    Award Plaintiff compensatory damages for emotional distress, embarrassment, and humiliation;

c.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which retaliates on the basis of race;

d.    Order Defendant to make Plaintiff whole by compensating her for lost wages and benefits, including front pay and back pay with prejudgment interest;

e.    Award a monetary judgment representing prejudgment interest;

f.    Award any other compensation allowed by law including attorneys' fees pursuant to Fla. Stat. § 760.11;

g.    Award Plaintiff costs of this action, including reasonable attorneys' fees; and

h.    Grant such other and further relief as the Court deems just and proper.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

## COUNT VII: RETALIATION –
## FLORIDA PRIVATE SECTOR WHISTLEBLOWER ACT, Fla. Stat. § 448.102

109.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 38 above as if set out in full herein.

110.    The Florida Private Sector Whistleblower Act, Fla. Stat. § 448.102, provides in relevant part that an employer may not take any retaliatory personnel action against an employee because the employee has:

...

> *(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.*

111.    Plaintiff engaged in protected activity under Fla. Stat. § 448.102 when she disclosed, objected to, and refused to participate in the theft and unlawful diversion of residents' prescription medications, including narcotics, at Defendant's licensed assisted living and memory care facility.

112.    Specifically, on or about November 8, 2024, Plaintiff discovered during a routine audit that more than sixty (60) medications, including narcotics, were missing from the resident medication carts, and she reported this activity in writing to Defendant's management, including the Director of Nursing and the Executive Director. Between on or about December 2 and December 5, 2024, Plaintiff reported a second incident in which another employee had unlawfully diverted medication and given it to another staff member, which Plaintiff reported to the Director Savoia by phone and text.

113.    Plaintiff brought these activities, policies, or practices to the attention of her supervisor and the employer in writing and afforded Defendant a reasonable opportunity to correct them, but Defendant failed and refused to do so.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

114. Plaintiff's reports were made in good faith, based on conduct she reasonably believed to be in violation of Florida laws, rules, and regulations governing the handling of controlled substances and prescription medications and the safety and care of residents at a licensed facility.

115. Rather than correcting the violations Plaintiff disclosed and objected to, Defendant retaliated against her. On or about December 5, 2024, Defendant suspended Plaintiff and removed her from the work schedule the same day she reported the second incident of medication theft.

116. Then, on or about December 19, 2024, Defendant terminated Plaintiff's employment under the pretext that she did not "pass probation."

117. Defendant took these retaliatory personnel actions against Plaintiff because she disclosed, objected to, and refused to participate in activities, policies, and practices of Defendant that are in violation of law, rule, or regulation.

118. Defendant's actions constitute a wrongful violation of the Florida Private Sector Whistleblower Act, Fla. Stat. § 448.102, entitling Plaintiff to relief under Fla. Stat. § 448.103.

119. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has been damaged and has suffered lost wages and benefits, emotional distress, and damage to her reputation.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Reinstate Plaintiff to the same position held before Defendant's retaliatory action against Plaintiff, or to an equivalent position;

b. Reinstate Plaintiff's full fringe benefits and seniority rights;

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

c.  Award compensation for lost wages, benefits, mental damages, and other remuneration;

d.  Order payment by Defendant of Plaintiff's reasonable costs and attorney's fees of this action pursuant to Section 448.104, Florida Statutes;

e.  Issue an order prohibiting Defendant from discharging individuals who refuse to engage in or object to practices which violate Florida law; and

f.  Order such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

**Dated: August 3, 2026.**          Respectfully submitted,

s/ Tanesha W. Blye
Tanesha W. Blye, Esq. (FBN: 738158)
Email: attorneyblye@lawyerofjustice.com
Secondary Emails: LA1@lawyerofjustice.com;
LA2@lawyerofjustice.com;
paralegal@lawyerofjustice.com;
*Lead Counsel for Plaintiff*

Mia Fraser, Esq. (FBN: 672270)
Email: mfraser@lawyerofjustice.com
*Counsel for Plaintiff*

THE LAW OFFICES OF T. WALLS BLYE, PLLC
15800 Pines Blvd., Ste 321, Pembroke Pines, FL 33027
66 West Flagler St., Ste. 900, Miami, FL 33130
Main Phone: (786) 796-1814
Legal Assistant's Phone: (305) 209-5779

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)